Richardson, J.,
delivered the opinion of the court:
This case differs very little as to the questions of law involved from that of William H. Adams, just decided, and to the opinion of the court in that case we'refer for a fuller exposition of our views upon the principles of law which have been raised than it is necessary now to repeat. The facts concisely stated are these: The claimant had five certificates issued to him by the board of public works for work done for the District under *381 contract, all of winch lie pledged to one Blumenburg for money borrowed. One of them was redeemed and paid by the treasurer of the board to the bearer, who presented the same with the blank indorsement of the claimant thereon. Payment must have been made before March 30,1874, as the findings show that the treasurer made no payments of any kind after that date. This'was before the date of what is now claimed to be a notice to the treasurer not to pay the same, so that this certificate was paid without objection, and the claimant must be held to have assented thereto.
The other four certificates were issued to “M. J. Laughliu, per J. F. Murray, att’y,” and were so indorsed in blank by the claimant’s attorney, when they were pledged to Blumenburg for money borrowed in January and February, 1874. Blumenburg passed them to one Cowdrey, who caused to be printed over the blank indorsement a formal assignment to him in these words:
“ For value received, the within debt is assigned and transferred to N. A. Cowdrey, who is authorized to collect the same to his own use.”
In this form they were presented to the board of audit July 1G, 1874, and were thereafter redeemed in his favor. Certificates were issued to him for the same, and they were paid in bonds as the act of Congress provided.
That the claimant wns bound by the formal assignment written over his name, and that the board of audit was justified in treating with the holder, upon such indorsement, as having-title thereto, is well established by numerous judicial decisions, and is recognized by the Supreme Court in Cowdrey v. Vanden-burg (101 U. S. R., 572), wherein they say, “The complainants could have expressed in their indorsement the purpose of the deposit of the certificate with Blumenburg — that it was a security for a specified sum of money — and thus imparted to all subsequent purchasers or assignees that the pledger held only a qualified interest in the claim. But having indorsed their name in blank, they virtually authorized the holder to transfer or dispose of the certificate by writing an absolute assignment over their signature.” If the holder could transfer the certificate with such an indorsement he could certainly collect it by a like indorsement, so as to bar all rights of the original payee *382 as against the debtor, who in good faith had made payment thereof.
On the 5th of June, 1874, fifteen days before the board of public works was abolished, by the act of June 20,1874, cli. 337 (1 Supplmt. to R. S., 53), a paper was delivered to the treasurer of the board, by whom it was filed in its archives, and it has ever since been on file there. The following is a copy:
“ Col. Jas. A. Magruder,
“ Treasurer B. P. W.:
“Sir: I do most respectfully ask of you not to pay the following auditor’s certificates, dated Dec., 1873, issued to M. J. Laughlin, per J. F. Murray, attorney, viz: No. 4763, for $1,500; No. 4764, for $6,000; No. 4766, for $5,000; No. 4767? for $2,000; also a certificate issued in the name of M. J. Laughlin, No. 4426, for $597.
“ Very .respectfully,
“ J. F. Murra y.”
It is now attempted to be maintained that this was such a notice to the District and to the board of audit of the claimant’s alleged title or claim to the certificates that the redemption of them subsequently by the board of audit so put the District in the wrong that it is now bound to pay the same to him.
In this view we cannot concur. It does not appear that the board of audit ever had actual notice of this document, or that the claimant ever made any efforts to bring his demands to the attention of the board. The board of audit was not the successor of the board of public works. It had by law “full access to all the records, books, papers, and vouchers of every kind whatsoever of the board of public works and of the District of Columbia,” but it did not have the custody of them. It was not bound to take official notice of every paper deposited among the great mass of archives of the District. At most it was authorized to examine any of them on its own motion or on motion of any party interested.
Nor does it appear that the District Commissioners had any notice of this document; and if they had such notice, actual or constructive, all they could have done was to refer the claimant to the board of audit. But' that was not necessary, because the board itself had given public notice under the law to all persons having claims against the District to present them. The claimant’s attorney had requested the treasurer of the board of public works not to pay these certificates to anybody, *383 and. the treasurer had acceded to his request aud had uot paid them. This was all that he had requested. If the claimant still set up any right to'the certificates after Congress had established a tribunal to pass upon and allow them, he should have gone before that board and presented his claim. When he found that Blumenburg was running away with his certificates indorsed by him in blank, it was not sufficient for the claimant, in order to stop payment of them, to give notice to the first board to which they might be presented for payment, and then let the matter drop. It was for him to follow up, assert, and prove his claim to the certificates before the'board of audit, to which he knew they might be presented for redemption. This he did not do', but, on the contrary, he permitted the board to redeem them without objection from him. He stood by and did not speak when it was his duty to speak, and he must abide by the result to which his silence contributed.
Like the claimant in the Adams Case, the present claimant put his confidence in Blumenburg, intrusted him with power over his certificates by blank indorsements on the back of them, and borrowed money upon them. Blumenburg, it is alleged, abused his confidence, betrayed the trust, received payment of the certificates by his assignee, and has not accounted and unsettled with the claimant.
The remedy for the claimant, if he has any, is against Blumenburg, and not against the District. The petition must be dismissed.
Nott, J., was not present when this case was argued, and took no part in the decision.